1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re: | |
| TAMMY PREVO, | Case No. 2:21-cv-01701-TL |
| Debtor. | Bankruptcy No. 21-10961-MLB |
| VIRGINIA ANDREWS-BURDETTE, Trustee of the Estate of Tammy Prevo, | |
| Plaintiff, | Adversary 21-01062-MLB |
| JAN BONIFACE JR., | |
| Involuntary Plaintiff, | |
| v. | |
| NORMAND HAMELIN and JANE DOE HAMELIN, husband and wife and the marital community composed thereof, | ORDER GRANTING MOTION TO WITHDRAW THE REFERENCE WITH REFERRAL TO BANKRUPTCY COURT FOR PRETRIAL MATTERS |
| Defendants. | |

11

12

13

14

15

16

17

18

19

20

21

22

23

24

1   This matter comes before the Court on Defendant Normand Hamelin's Motion for

2   Withdrawal of Reference. Dkt. No. 1-1 at 3–8. Plaintiff Virginia Andrews-Burdette (Trustee for

3   the estate of Debtor Tammy Prevo) requests the Court to deny the motion or, alternatively, to

4   allow the Bankruptcy Court to continue to preside over all pre-trial matters by delaying

5   withdrawal of the reference until the matter is ready for trial. Dkt. No. 1-1 at 20–21. Plaintiff

6   does not dispute that Defendant is entitled to trial by jury before this Court. *See id*. Upon

7   consideration of the parties' briefing and the relevant record, for the reasons below, the Court

8   GRANTS the motion and immediately REFERS this case to the Honorable Marc Barreca, Chief U.S.

9   Bankruptcy Judge, for all pretrial matters.

10  ## I.   RELEVANT BACKGROUND

11       Debtor Tammy Prevo filed a Chapter 7 bankruptcy petition on May 17, 2021, and

12  Plaintiff initiated an adversary proceeding before the Bankruptcy Court on October 8, 2021, to

13  avoid and recover alleged fraudulent transfers of real property that left Debtor insolvent. Dkt.

14  No. 1-1 at 11, 14. Defendant Hamelin demanded a jury trial in the answer to the adversary

15  complaint. *Id*. at 17.[1] Defendant Hamelin does not consent to the Bankruptcy Court conducting

16  the jury trial. *See id*.; *see also id*. at 5. Chief U.S. Bankruptcy Judge Barreca recommended that

17  the District Court withdraw the reference and refer the matter back to him for pretrial

18  proceedings. *Id*. at 30.

19  ## II.   DISCUSSION

20       A district court has authority to withdraw a reference to a bankruptcy court, in whole or

21  in part, for cause shown. 28 U.S.C. § 157(d). A bankruptcy court cannot enter a final judgment in

22  an action in which at least one party to the action does not consent to its final adjudication of

23

24  ---
[1] Though the adversary proceeding was filed against both Defendant Hamelin and his wife, Defendant Hamelin stated in his answer that he is widowed. Dkt. No. 1-1 at 16.

1    matters that are 'non-core' to the proceeding, or where a party has demanded a jury trial. *See Sec.*

2    *Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th

3    Cir. 1997) (defining 'non-core proceedings' as "actions that do not depend on bankruptcy laws

4    for their existence and that could proceed in another court"); *In re Cinematronics, Inc.*, 916 F.2d

5    1444, 1449 (9th Cir. 1990) (concluding that "bankruptcy courts cannot conduct jury trials on

6    noncore matters, where the parties have not consented").

7           Though "proceedings to determine, avoid, or recover fraudulent conveyances" are

8    statutorily defined as 'core' proceedings that bankruptcy judges may hear and determine, 28

9    U.S.C. § 157(2)(H), they cannot be finally adjudicated by a bankruptcy court "as a constitutional

10   matter." *Exec. Benefits Ins. Agency v. Arkison*, 573 U.S. 25, 30–31 (2014). Although fraudulent

11   transfer claims are treated as 'non-core,' if they are "otherwise related to a case under title 11,"

12   U.S.C. § 157(c)(1), a bankruptcy court may "hear and enter proposed findings of fact and

13   conclusions of law" in the proceeding, "subject to de novo review [and a final judgment

14   rendered] by a federal district court." *In re Bellingham Ins. Agency, Inc.*, 702 F.3d 553, 566 (9th

15   Cir. 2012), *aff'd sub nom. Exec. Benefits*, 573 U.S. 25.

16          Defendant has made a jury trial demand in his answer. Dkt. No. 1-1 at 17. The

17   bankruptcy court cannot conduct a jury trial in this action because Defendant has not consented,

18   and the verdict would be rendered on non-core matters. *In re Cinematronics*, 916 F.2d at 1451.

19   Thus, withdrawal of the reference is appropriate on this ground alone. *Id*. (describing the

20   conundrum in which district courts would be in if they were to review bankruptcy court jury

21   verdicts on non-core matters, given that 28 U.S.C. § 157(c)(1) requires *de novo* review of such

22   matters, but a district court cannot re-examine facts tried by a jury in that manner).

23          However, the Ninth Circuit has recognized that a party's Seventh Amendment right to a

24   jury trial is not abridged by a bankruptcy court's retention of jurisdiction "over *pre-trial*

1    matters." *In re Healthcentral.com*, 504 F.3d 775, 787 (9th Cir. 2007) (emphasis in original)

2    (internal citations omitted). Even where it withdraws the reference, a district court may

3    nonetheless simultaneously refer all pre-trial matters back to a bankruptcy court. *See, e.g.*,

4    *Burdette v. Emerald Partners LLC*, No. C15-0816-JCC, 2015 WL 4394859, at *2 (W.D. Wash.

5    July 16, 2015). This would promote judicial economy given the bankruptcy court's "unique

6    knowledge of Title 11." *In re Healthcentral.com*, 504 F.3d at 787–88. Indeed, "[o]nly by

7    allowing the bankruptcy court to retain jurisdiction over the action until *trial is actually ready* do

8    we ensure that our bankruptcy system is carried out." *Id*. at 788 (emphasis in original) (internal

9    citation omitted).

10   **III.    CONCLUSION**

11       For the foregoing reasons, Defendant's Motion to Withdraw the Reference (Dkt. No. 1-1

12   at 3–8) is GRANTED. The Court also immediately REFERS this case to Chief U.S. Bankruptcy

13   Judge Barreca for all pretrial proceedings in accordance with this Order.

14       IT IS SO ORDERED.

15       Dated this 17th day of March 2022.

16
17                                                  _____
18                                                  Tana Lin
                                                    United States District Judge
19
20
21
22
23
24